**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-80577-CIV-MARRA**

PALM PARTNERS, LLC, a Florida
limited liability company,

       Plaintiff,

v.

NETNAMES A/S f/k/a SPEEDNAMES A/S,
a foreign entity,

       Defendant.

_____/

**PLAINTIFFS' MOTION FOR FINAL DEFAULT**
**JUDGMENT AGAINST DEFENDANT AND MEMORANDUM OF LAW**

Plaintiff PALM PARTNERS, LLC ("Palm Partners" or "Plaintiff"), by and through its

undersigned counsel, and pursuant to Federal Rule of Procedure 55(b), hereby submits this

Motion for Final Default Judgment and Memorandum of Law in support thereof, and states as

follows:

**I.**     **PROCEDURAL HISTORY**

1.     On May 5, 2017, Plaintiff commenced this action against Defendant NETNAMES

A/S, formerly known as SPEEDNAMES A/S ("Speednames" or "Defendant") by filing the

operative Complaint for conversion and unjust enrichment. (Doc. No. 1.)

2.     On May 8, 2017, the Clerk issued a Summons directed to Defendant. (Doc. No.

4.)

3.     On June 1, 2017, Defendant was formally served with the Summons and

Complaint.

4.     Pursuant to Federal Rule 12(a)(1)(A), Defendant was obligated to Answer and/or

file a motion to dismiss by June 21, 2017.

5.      Defendant failed to file a timely answer or other response to the Complaint, and Plaintiffs moved for the entry of Clerk's Default on July 17, 2017. (Doc. No. 9.)

6.      On July18, 2017, the Clerk entered default as to Defendant. (Doc. No. 10.)

7.      As of the date of this filing (which is now over two months since the Clerk's entry of default), Defendant has not filed any documents in this matter or responded to the Complaint. There has not been any attorney appearance on behalf of Defendant.

## II.      FACTS

Founded in 1994, Palm Partners provides high-quality and specialized treatment services for individuals suffering from drug and alcohol addiction. (Doc. 1, ¶8.) Palm Partners offers comprehensive twelve-step programs to ensure long-term recovery from these forms of addiction, including use of state-of-the-art and innovative treatment strategies. (Doc. 1, ¶8.) Palm Partners offers additional treatment programs for a variety of different drugs. (Doc. 1, ¶10.) As new drugs emerge, Palm Partners evaluates its current programs for applicability with new drugs. (Doc. 1, ¶10.)

A drug referred to by the street name "H7" is a synthetic cannabinoid that is becoming more popular in the United States (as well as abroad). (Doc. 1, ¶11.) H7 is a highly addictive synthetic drug, which is reflected by a growing rate of addiction in the United States for which Palm Partners provides treatment options. (Doc. 1, ¶11.) In 2011, Palm Partners acquired the domain name www.h7s.com, anticipating the need to establish a website for those in need of treatment for H7 to research and seek assistance for H7 online. (Doc. 1, ¶12.) The domain registration was purchased through Speednames. (Doc. 1, ¶12.)

In August 2015, Palm Partners paid Speednames the price for a two-year renewal of 75 EUR to renew the domain name www.h7s.com on behalf of Palm Partners. (Doc. 1, ¶13.)

Speednames confirmed payment from Palm Partners and the two-year domain renewal on behalf

of Palm Partners: "Your domain has now been renewed successfully." (Doc. 1, ¶13.) Although

Speednames was paid to renew the domain name www.h7s.com on behalf of Palm Partners for

two (2) years, Speednames allowed the registration to be abandoned after one (1) year. (Doc. 1,

¶14.) The domain name was subsequently purchased by a third party that is now offering the

domain name for sale for thousands of dollars. (Doc. 1, ¶15.) On or about March 20, 2017, Palm

Partners made a demand under Florida Statute §772.11 for payment of its actual damages and

attorneys' fees. (Doc. 1, ¶16.)

### III.   MEMORANDUM OF LAW

#### a.   Factual Allegations Established Defendant's Liability

A Default Judgment has the effect of establishing as fact Palm Partners' well-pleaded

allegations in the Complaint, and bars Defendant from contesting those facts on appeal.

*Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). Conversion under Florida law is "the

wrongful deprivation of a person of property to the possession of which he is entitled." *Star Fruit

Co. v. Eagle Lake Growers, Inc.*, 160 Fla. 130, 33 So.2d 858, 860 (Fla. 1948).  As a result of its

default, Defendant concedes that Defendant intentionally converted Palm Partners' ownership of

the www.h7s.com domain name, which wrongfully deprived Palm Partners of its ownership,

causing a direct and proximate loss of property and money. (*See* Doc. 1, ¶¶17-22.) Accordingly,

Palm Partners is also entitled to a default judgment against Defendant for conversion.

To establish unjust enrichment, a plaintiff must establish "(1) plaintiff has conferred a

benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and

retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for

the defendant to retain the benefit without paying the value thereof." *State Farm Mut. Auto. Ins.*

*Co. v. First Care Solution, Inc*., 2017 U.S. Dist. LEXIS 10906, *23 (S.D. Fla. Jan. 26, 2017). The well pleaded allegations of the Complaint (¶¶ 24-28) also establish unjust enrichment of Defendant. Palm Partners provided a benefit to Defendant, i.e. money, which was voluntarily accepted to acquire the domain name www.h7s.com. Defendant retained the money but allowed ownership of the domain name www.h7s.com to be transferred to a third party. (*Id*.) Accordingly, Palm Partners is also entitled to a default judgment against Defendant for unjust enrichment.

### b.  Palm Partners is Entitled to Damages

At the heart of this dispute is ownership of the domain name www.h7s.com, which is currently valued by the holder of this property to be $5,500. (Decl. of J. Hayes, ¶3.) Pursuant to Florida Statute §772.11, on March 20, 2017, Palm Partners made a demand for $16,500, plus attorneys' fees, of Defendant. (Decl. of J. Hayes, ¶4.) The Defendant refused and this litigation ensued. (Decl. of J. Hayes, ¶5.)  The actual damages suffered by Palm Partners by virtue of the conversion of the domain name www.h7s.com is $5,500, the cost of replacement.  Pursuant to §772.11, Palm Partners is entitled to $16,500, calculated as trebled actual damages, along with its attorneys fees. Defendant's intentional deprivation of Palm Partners' property (Doc. No. 1, ¶21) justifies an award of trebled damages.

### c.  Attorney's Fees and Costs

A plaintiff which is successful in a civil theft action is entitled to an award of attorney's fees and costs are provided under Florida Statute §772.11. *See Wakefield v. Cordis Corp*., 304 Fed. Appx. 804, 807 (11th Cir. Fla. Dec. 22, 2008); *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1335 (S.D. Fla. Aug. 26, 2009).  Here, the default of Defendant renders the allegations

admitted and Palm Partners successful in this action. Palm Partners is entitled to an award of fees and costs under §772.11

WHEREFORE, the Plaintiffs respectfully request the Court:

1. Enter Final Default Judgment against Defendant Netnames A/S f/k/a Speednames A/S;

2. Award treble damages against Defendant in the amount of $16,500 to Plaintiff;

3. Award post-judgment interest on the judgment amount;

4. Award entitlement to reasonable attorneys' fees and costs in an amount to be determined by the Court at a future date upon submission of appropriate affidavits;

5. Award other and further relief as the Court may deem just and proper.

Respectfully submitted September 19, 2017.

*s/Robert H. Thornburg*
Robert H. Thornburg
Florida Bar No. 630829
E-Mail: rthornburg@allendyer.com
ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, FL  33131
Telephone:     (305) 374-8303
Facsimile:     (305) 374-8306

Ryan T. Santurri
Florida Bar No. 015698
E-Mail: rsanturri@allendyer.com
ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL  32801
Telephone:     (407) 841-2330
Facsimile:     (407) 841-2343

*Counsel for Plaintiff Palm Partners, LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on September 19, 2017, via electronic mail to:

NETNAMES A/S f/k/a SPEEDNAMES A/S
c/o support@speednames.com
Orestads Boulevard 108
10. sa. Th. 2300 Copenhagen S. Denmark

*Defendant*